IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARSHALL BOYD, <br><br> Defendant. | CRIMINAL ACTION FILE <br> NO. 1:23-CR-265-TWT |

OPINION AND ORDER

This is a criminal action. It is before the Court on the Defendant's Motion for Reconsideration of Judgment [Doc. 16]. The criminal information charged Boyd with understating his income by approximately $790,000 and failing to pay more than $250,000 in federal income taxes for tax years 2016 through 2021. On November 28, 2023, Boyd pleaded guilty to the sole count of the criminal information. In late March 2024, the Court sentenced Boyd to a low-end custodial sentence of 12 months and 1 day. On April 24, 2024, Boyd — citing Federal Rule of Criminal Procedure 33(a) — filed the present motion in which he is "simply request[ing] that this Court reconsider his sentence for a downward departure to a reasonable sentence of One Year of home confinement."

First, Boyd is wrong that Rule 33(a) provides an avenue for relief. *See United States v. Celedon,* 333 F. App'x 278, 280 (11th Cir. 2009) (holding that "the district court did not have authority to modify [the defendant's] sentence

under Rule 33"). Second, the Court otherwise lacks authority to modify Boyd's sentence. A district court may modify a sentence after it has been imposed only "to the extent otherwise permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015) ("The law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule.") (citing *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002)); *United States v. Phillips*, 597 F.3d 1190, 1195 (11th Cir. 2010) ("[A]bsent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35"). Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). A "sentencing" is "the oral announcement of the sentence." Fed. R. Crim. P. 35(c). Not only is Boyd's request—made more than 14 days after sentencing— untimely, but the Court lacks authority to modify his sentence under Rule 35 even if he had filed a timely motion because Boyd is not seeking to correct an "arithmetical, technical, or other clear error" in his sentence. Boyd has not identified any errors with his sentence (or the manner in which the Court imposed it). Boyd simply complains after the fact that by sentencing him to a year and a day in prison, the Court's sentence resulted in unwarranted sentencing disparities with another tax cheat who was sentenced

the same day by the Court. "Rule 35(a) does not provide a mechanism for the court to reexamine its reasoning or simply 'change its mind' about a sentence it has imposed." *United States v. Gilbert*, 718 F. App'x 913, 917 (11th Cir. 2017). The Court also does not have authority under Federal Rule of Criminal Procedure 36 to modify Boyd's sentence. Even if Rule 36 were the appropriate procedural vehicle for Boyd's motion (and it is not), this Court lacks authority under this rule to modify his sentence in the manner he requests. Under Rule 36, the court "may at any time correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 does not permit a court, however, "'to make a substantive alteration to a criminal sentence.'" *United States v. Carrie*, 572 F. App'x 804, 805 (11th Cir. 2014). Third, there is no such thing as a "motion to reconsider" a criminal sentence. The district court's authority to modify or alter a defendant's sentence is circumscribed narrowly by statute. *See* 18 U.S.C. § 3582(c)(1)(B). District courts do not have the inherent authority—as implied by Boyd's motion—to modify a defendant's sentence on a whim. *See, e.g., Puentes*, 803 F.3d at 605-06. The Defendant's Motion for Reconsideration of Judgment [Doc. 16] is DENIED.

SO ORDERED, this  30th  day of July, 2024.

THOMAS W. THRASH, JR.
United States District Judge

3